## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IGNITE ENTERPRISE SOFTWARE
SOLUTIONS, LLC and IGNITETECH CX
SOLUTIONS, LLC

      Plaintiffs,

v.

NGDATA US, INC. and NGDATA N.V.,

      Defendants.

C.A. No. 23-cv-1209-JFM

**FILED UNDER SEAL**

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION TO COMPEL
### PRODUCTION OF MATERIALS RESPONSIVE TO
### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070 (Telephone)
mabey@fr.com

Bret T. Winterle
Carl E. Bruce
Lance E. Wyatt
Michael Vincent
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
winterle@fr.com
bruce@fr.com
vincent@fr.com

***ATTORNEYS FOR DEFENDANTS
NGDATA US INC. AND NGDATA N.V.***

Dated: November 12, 2024

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 1

       A.    Procedural Posture ................................................................................. 1

       B.    Defendants' June 3, 2024, Requests for Production ............................... 1

III.    LEGAL STANDARD.......................................................................................... 3

IV.   ARGUMENT ...................................................................................................... 4

V.    CONCLUSION................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Duncan v. Black*,
　　No. 2:15cv1347, 2018 WL 317957 (W.D. Pa. Jan. 8, 2018)......................................3

*Inventio AG v. ThyssenKrupp Elevator Am. Corp.*,
　　662 F. Supp. 2d 375 (D. Del. 2009)...............................................................3

*Santoriello v. Bridy*,
　　No. 4:13-CV-02448, 2016 WL 6525231 (M.D. Pa. Nov. 3, 2016)...........................3

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)...............................................................................3

Fed. R. Civ. P 34(a)...................................................................................3

Fed. R. Civ. P. 34(b)(2)(C)...........................................................................3

Fed. R. Civ. P. 34(d)(2)...............................................................................3

Fed. R. Civ. P. 37.....................................................................................3

Fed. R. Civ. P. 37(a)(1)...............................................................................3

## I.    INTRODUCTION

Although Ignite has falsely cast Defendants as recalcitrant litigants unwilling to produce materials, it is Ignite who still has not produced any materials responsive to many of Defendants' first Requests for Production ("RFPs") that were originally due on July 3rd, especially those materials relevant to Ignite's purported "trade secrets" and other non-patent allegations. Fifteen of these RFPs are discussed below, and the Proposed Order for this motion addresses, in turn, each of them in accordance with the Court's preferences. Defendants believe no materials (or at least no materials that were not publicly available) have been produced for these RFPs. Defendants accordingly request that this Court compel Ignite to produce its materials responsive to RFP Nos.13, 17, 21, 23, 27, 28, 29, 30, 31, 32, 39, 44, 46, 47, and 48 within seven days of the Court's ruling on this motion.

## II.    FACTUAL BACKGROUND

### A.    Procedural Posture

The present procedural posture is contemporaneously captured in Defendants' November 12th, 2024, Motion to Compel full and complete responses to Defendants' Interrogatory Nos. 10 and 13. (D.I. 114.) For brevity, it will not be repeated here.

### B.    Defendants' June 3, 2024, Requests for Production

On June 3rd, NGDATA served its First RFPs. Ex. 1. Twenty-nine days later, Defendants agreed to Ignite's last-minute request for a seven-day extension, in the hopes that Ignite would engage in "meaningful and responsive document production by July 10 rather than just kicking the objections can down the road." (Email fr. Winterle to Civins, D.I. 69-2 at 1.) Ignite objected on July 10th, producing no documents at that time. Ignite first produced some responsive documents (three documents total) on July 16th. The next day, the parties first conferred about all of

1

Defendants' June 3rd RFPs, Ignite's July 10th objections, and Ignite's failure to produce responsive documents. Ex. 2 at 3.

Because Ignite's document productions remained delinquent, having made only a single, limited production after the first conference between the parties on July 17th (comprising only twenty-nine documents), the parties corresponded about these matters several times, culminating in a transcribed conference on August 28th. (*See* D.I. 96-1 at 35:6–23.) At that time, Ignite promised to produce another batch of responsive documents "in a week or two," followed by another batch "in two to four weeks." (D.I. 96-1 at 35:6-23.) Thereafter, Ignite made only one production, producing thirty-one additional documents on September 5th (*i.e.*, within the promised "week or two" timeframe for a first production). However, by November 1st, Ignite had still not produced the second promised "batch" of responsive documents, leaving many of Defendants' important RFPs completely unaddressed. Ex. 2 (Email fr. Winterle to Civins).

Because Ignite had "repeatedly delayed, promised, and then not done anything like what [they] said Plaintiffs would do in terms of producing relevant documents," Defendants informed Ignite that they would move to compel the following Tuesday (November 5th) if the documents responsive to the highest-priority RFPs had not been produced by that time. Ex. 2 (Email fr. Winterle to Civins). That Tuesday, instead of producing anything, and without disputing Defendants' characterization of the situation, Ignite responded, stating it would "be producing additional documents this week" (*i.e.,* by November 8th). Ex. 2 (Email fr. Civins to Winterle). By 5pm EST on Friday, November 8th, at the end of the week in question, Ignite still had produced nothing further. Only after Defendants reminded Ignite of its promise to produce more materials "this week," did Ignite produce a meager production that evening of twelve documents totaling fifty-seven pages, appearing to be mostly materials already in the public domain.

This production added little to Ignite's prior productions that, to date, comprise a total of eighty-one documents, including the four asserted patents, their file histories, and many publicly available documents from Ignite's website. Within this limited production, Ignite has failed to produce materials responsive to at least RFP Nos. 13, 17, 21, 23, 27, 28, 29, 30, 31, 32, 39, 44, 46, 47, and 48. Even though Ignite has conveyed it does not intend to stand on any of the objections that it made to these on July 10th, Ignite's repeatedly broken promises leave Defendants no reasonable choice but to file the instant motion to compel timely production of responsive materials.

## III.    LEGAL STANDARD

Rule 37 applies to motions to compel. Fed. R. Civ. P. 37(a)(1). Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "For purposes of discovery, relevancy is broadly construed." *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009). Rule 26 is liberally construed in favor of disclosure because "relevance is a broader inquiry at the discovery stage than at the trial stage." *See Duncan v. Black*, No. 2:15cv1347, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018) (citing *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)).

Within the scope of Rule 26(b), a party may request that another party produce documents. Fed. R. Civ. P 34(a). The recipient of a request must produce responsive documents within thirty days of the Requests' service or as the parties have otherwise stipulated. Fed. R. Civ. P. 34(d)(2). If a party objects, they must state that responsive documents are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). "If a party fails to respond to" a request for production, "within the required time period, the requesting party is permitted under Federal Rule of Civil Procedure 37 to move for an order compelling a response." *Santoriello v. Bridy*, No. 4:13-CV-

02448, 2016 WL 6525231, at *3 (M.D. Pa. Nov. 3, 2016) (citing Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv)).

## IV.    ARGUMENT

Defendants' argument is simple. Defendants served a first list of RFPs on June 3rd, Ex. 1, setting Ignite's initial deadline to July 3rd. Defendants granted Ignite's request for a single extension of a week, Ex. 3, making the new deadline July 10th. Ignite has not suggested that it is withholding materials responsive to any of the RFPs referenced in this motion on the basis of any of their objections, and, in fact, have conveyed that they do not intend to stand on their objections and will at some undefined future point over four months after they were due be producing the responsive materials. Thus, Ignite is delinquent as to these RFPs for which they have not produced responsive documents. Here, the only dispute for the Court is not *if Ignite* should produce responsive documents, but *when*.

This Court should order Ignite to produce documents responsive to the fifteen RFPs referenced in this motion within the next seven days because Ignite has had more than enough time to look for, obtain, review, and prepare these materials for production. Indeed, Ignite has been "working on [their] collection, including sort of, you know, going through the custodians and running terms and gathering" documents for at least the past seventy-five days, (D.I. 96-1 at 35:15–18.) If this is true (and given that Ignite made this representation over twelve weeks after being served with Defendants' RFPs, Ex. 1, Ignite's responsive productions should be almost complete.

Moreover, Ignite should be required to produce the responsive documents requested by this motion in the next seven days because (a) Ignite promised them by last week but failed to deliver, and (b) these materials include documents critical to Defendants' ability to prepare their defenses. Unlike the limited productions Ignite has thus far made, productions of materials responsive to the

fifteen RFPs addressed herein will relate to the core issues of the alleged "trade secrets" misappropriation, patent infringement, and tortious interference. For example, Defendants seek:

- Responsive documents relating to any alleged economic value of Defendants purported "trade secrets." These materials which will help Defendants investigate any theories of purported value that Ignite eventually reveals, including by conducting third-party discovery as necessary (RFP No. 44);

- Responsive documents relating to Defendants' alleged pre-suit knowledge of the asserted patents or any marking of products by Ignite or its predecessors (*e.g.*, in their marketing materials), including failures to mark the products Defendants identified pursuant to *Arctic Cat I*, shifting the burden to Ignite to prove either patent marking or non-infringement of such products. These materials that will help Defendants determine whether there is any reason they should delay seeking summary judgment that one of the four asserted patents that expired before this lawsuit, and for which Ignite and its predecessors failed to mark, must be dismissed as expired and unenforceable against Defendants due to the patent marking defense (*e.g.*, to avoid further wasted efforts construing or otherwise litigating expired claims for which no recover can be made) (RFP Nos. 13, 21, 27, 29, 31 and 32)[1];

- Responsive documents showing which employees were responsible for what within Ignite and its predecessors at various points of time, whether Ignite or its predecessors actually had any business, contracts and employees to lose; whether they actually lost

---

[1] Defendants served Ignite with a letter meeting their *Arctic Cat* burden of production on October 29, 2024, and pointing out that the '726 Patent (which contains non-method claims that are presently involved in claim construction in front of this Court) expired prior to the filing of this lawsuit. Ignite has not yet responded.

such business, contract, or employees; how much business, contracts or employees they allegedly lost; when those things happened; why those things happened; how Ignite, its predecessors, and customers, responded; and whether any of those things were, as falsely alleged by Ignite, a result of Defendants' alleged misappropriation of the purported "trade secrets" Ignite acquired from BryterCX, or the result of alleged interference with Ignite's contracts or employees (RFP Nos. 23, 27, 28, 30, 39, 46, 47, 48); and

- Responsive documents evidencing any secondary indicial of non-obviousness in response to the obviousness contentions provided by Defendants on September 27th (RFP No. 17).

Ignite's serial, broken promises about producing responsive documents for many of the outstanding RFPs is inhibiting Defendants' ability to prepare their defenses and narrow the issues.

## V.    CONCLUSION

For these reasons, Defendants request that the Court compel responses to Requests for Production Numbers 13, 17, 21, 23, 27, 28, 29, 30, 31, 32, 39, 44, 46, 47, and 48 within seven days of this Court's ruling on this motion. Defendants respectfully request that Ignite's opposition be set for four business days from now, consistent with Defendants' opposition deadline for Ignite's most recent motion. (*See* D.I. 93.)

Dated: November 12, 2024          FISH & RICHARDSON P.C.

By:    */s/ Warren K. Mabey, Jr.*
       Warren K. Mabey, Jr. (#5775)
       222 Delaware Avenue, 17th Floor
       Wilmington, Delaware 19801
       (302) 652-5070 (Telephone)
       mabey@fr.com

       Bret T. Winterle
       Carl E. Bruce
       Lance E. Wyatt
       1717 Main Street, Suite 5000
       Dallas, Texas 75201
       (214) 747-5070 (Telephone)
       winterle@fr.com
       bruce@fr.com
       vincent@fr.com

       ***ATTORNEYS FOR DEFENDANTS***
       ***NGDATA US INC. AND NGDATA N.V.***