## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC and IGNITETECH CX SOLUTIONS, LLC ) ) ) ) Plaintiffs, ) ) v. ) ) NGDATA, US INC. and NGDATA N.V. ) ) Defendants. ) ) | C.A. No. 23-cv-1209-JFM<br><br>**JURY TRIAL DEMANDED**<br><br>**REDACTED PUBLIC VERSION** |

### PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES

Of Counsel:

Conor M. Civins
Michael Chibib
BRACEWELL LLP
111 Congress Ave. Suite 2300
Austin, Texas 78701
(512) 472-7800
conor.civins@bracewell.com
michael.chibib@bracewell.com

Dated: November 18, 2024

Travis S. Hunter (#5350)
Katharine L. Mowery (#5629)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
hunter@rlf.com
mowery@rlf.com
monasterio@rlf.com

*Attorneys for Plaintiffs Ignite Enterprise Software Solutions, LLC and IgniteTech CX Solutions, LLC*

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION**..................................................................................................................1 | |
| **II.** | **ARGUMENT**........................................................................................................................1 | |
| | **A.** **Interrogatory No. 10:**..............................................................................................1 | |
| | **B.** **Interrogatory No. 13:**..............................................................................................5 | |
| **III.** | **CONCLUSION** .....................................................................................................................7 | |

## I. INTRODUCTION

Simply put, Defendants NGDATA, US INC. and NGDATA N.V.'s (collectively, "Defendants" or "NGDATA") Motion to Compel responses to Defendants' Interrogatory Nos. 10 and 13 (the "Motion") and the Opening Brief in support thereof ("Brief" or "Br.") is bewildering and suggests a failure to understand basic trade secret law, a failure to have reviewed the documents identified in response to Interrogatory Nos. 10 and 13, or both. Defendants spend much of the Motion arguing generally about the need for identifying trade secrets with particularity and complain Plaintiffs' responses are insufficient because they vaguely point to seven "categories of trade secrets" and a "handful of documents" referenced under R. 33(d). Br. at 13-14.

Yet, Defendants fail to recognize (or perhaps, acknowledge) that Plaintiffs have identified with precise particularity the trade secrets at issue in this case by identifying a narrow set of documents in response to Interrogatory No. 10. To be clear, the trade secrets at issue are literally the identified documents themselves. With respect to Interrogatory No. 13, Plaintiffs provide a fulsome and specific response, including by identifying another narrow set of specific documents under Federal Rule of Civil Procedure 33(d), as well as an identification of which portions of identified documents are confidential. Indeed, it is difficult to imagine a more narrow and specific identification of the trade secrets Plaintiffs allege were misappropriated by Defendants. Accordingly, Defendants' Motion should be denied.

## II. ARGUMENT

### A. <u>Interrogatory No. 10:</u>

In response to Interrogatory No. 10, which asked Plaintiffs to identify with particularly Plaintiffs' alleged trade secrets, Plaintiffs identified the following documents:

- IGNITE-NG1506 (attached hereto as **Exhibit 1**), an email invitation from a BryterCX employee to other BryterCX employees and executives at NGDATA (including NGDATA CEO Doug Gross) to set up a telephone call/meeting to discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not yet know what information was shared during this telephone call or meeting because depositions have not been taken. However, the details of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were confidential and trade secret information. Plaintiffs identified this document to put Defendants on notice that alleged trade secret information was misappropriated during this meeting.

- IGNITE-NG1507 (attached hereto as **Exhibit 2**), a Microsoft Teams invitation from a BryterCX employee to another BryterCX employee and NGDATA CEO Doug Gross to discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not yet know what information was shared during this meeting because depositions have not been taken. However, discussion of soliciting the BryterCX employees away from Ignite and to NGDATA is relevant to Plaintiffs' allegations of how and when trade secrets were misappropriated and by whom.

- IGNITE-NG1508 (attached hereto as **Exhibit 3**), a Microsoft Teams invitation from a BryterCX employee to NGDATA CEO Doug Gross and Katie Goodman at CGG Partners, LLC to have a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not yet know what information was shared during this meeting because depositions have not been taken. However, discussion of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ BryterCX employees that were being solicited away from Ignite by NGDATA is relevant to Plaintiffs' allegations of how and when trade secrets were misappropriated and by whom.

- IGNITE-NG1509-10 (attached hereto as **Exhibit 4**), an email from a BryterCX employee to two other BryterCX employees discussing ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. This document is relevant to Plaintiffs' allegations of who was involved in improperly providing trade secrets to NGDATA and why.

- IGNITE-NG15011-13 (attached hereto as **Exhibit 5**), an email chain from a BryterCX employee to two other BryterCX employees and NGDATA executive Rachel Slaughter. In the email (*specifically on IGNITE-NG15012*), the BryterCX employees are providing confidential and trade secret information in response to questions from the NGDATA executive. This includes confidential and trade secret information about ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. It also includes information about ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. The email speaks for itself and includes two attachments that contain confidential and trade secret information relating to ■■■■■■■■■■■■■■■■■■■■■■■■■■ Those attachments are reflected as attached on IGNITE-NG15013. ***This document contains specific trade secret and confidential information that was improperly misappropriated by NGDATA***.

- IGNITE-NG1514 (attached hereto as **Exhibit 6**), a Microsoft Teams invitation from a BryterCX employee to another BryterCX employee and NGDATA CEO Doug Gross. This meeting was scheduled for the day after the email from Exhibit 5 was sent (IGNITE-NG15011-13), in which BryterCX improperly sent trade secret and confidential information to NGDATA at its request. Plaintiffs do not yet know what information was shared during this meeting because depositions have not been taken.

However, this document is relevant to Plaintiffs' allegations of who was involved in improperly providing trade secrets to NGDATA and why.

- IGNITE-NG1527-1563 (attached hereto as **Exhibit 7**), an email from a BryterCX employee to other BryterCX employees and NGDATA executives/employees (including NGDATA CEO Doug Gross) in which a BryterCX employee is improperly sending NGDATA ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The email also *includes three attachments, each of which contain confidential and trade secret information*. *IGNITE-NG1529-1540 contain* ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ All of this information is confidential and trade secret information that was improperly misappropriated by NGDATA. Additionally, *IGNITE-NG1541-1562 is a 22 page PowerPoint presentation that provides an* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The PowerPoint presentation includes confidential and trade secret information that was improperly misappropriated by NGDATA. The *final attachment is of* ▇▇▇▇▇ ▇▇▇▇▇▇▇▇, which has been produced in native form in this case as *IGNITE-NG1563*. A .pdf screenshot of the native document is included in **Exhibit 7**. This document includes confidential and trade secret information relating to ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and was improperly misappropriated by NGDATA.

Given the specific documents identified in response to Interrogatory No. 10, in particular IGNITE-NG15011-13 (email providing confidential and trade secret information) and IGNITE-NG1527-1563 (three specific attachments containing confidential and trade secret information), it

is difficult to discern what lack of specificity or disclosure Defendants are complaining about. Plaintiffs are not "hiding the ball." Indeed, Plaintiffs have told Defendants about the ball, handed them the ball, and are repeatedly pointing at the ball.

To be clear, this is not a case in which Plaintiffs are vaguely pointing to Defendants' product or operations and asking Defendants to guess or glean what trade secret is buried in Defendants' offering. To the contrary, there is specific information and documents that were clearly taken by NGDATA and have been identified with specificity under Federal Rule of Civil Procedure 33(d). These documents speak for themselves.

Moreover, despite Defendants' insistence that they are not seeking an early expert report on trade secret damages, or a "quantification (or even an estimate)," Defendants seek in their Motion (as they did during the meet and confer) an explanation of the economic value these trade secrets have (or had) to Plaintiffs. As Plaintiffs explained during the meet and confer, there is no doubt that confidential and trade secret information relating to the BryterCX's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as well as BryterCX's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have economic value. Of course, the specific nature of the economic value will be determined in more detail during discovery and with the submission of an expert report. Defendants' complaint that they don't have enough specificity around what the trade secrets are or how they could have economic value blatantly ignores the evidence produced and identified in this case.

### B. Interrogatory No. 13:

Interrogatory No. 13 contains seven subparts asking Plaintiffs (i) to state whether Plaintiffs contend the document or information is confidential in whole or in part, (ii) describe efforts to maintain confidentiality, (iii) state facts available to Plaintiffs regarding employee's removal or copying of the document or information, (iv) identify third parties with whom document was

shared and any confidentiality agreements applicable to disclosures, (v) identify public disclosures of the document or information by Ignite, (vi) describe economic value of document or information, and (vii) identify the period during which Plaintiffs content document or information was confidential or had economic value.

Plaintiffs have provided two supplemental responses to Interrogatory No. 13, the second of which states as follows:

> The information and answers to questions (and attachments) on documents Bates numbered IGNITE-NG1511-1513 are confidential. Additionally, the attachments and information attached to the email Bates numbered IGNITE-NG1527-1528 (which include documents Bates numbered IGNITE-NG1529-1563) are confidential. All of this information was protected by a variety of methods ███████████████████████████████████████████████████████████████████████████████████████████████. Ignite is not aware of any public disclosure of the confidential information misappropriated by Defendants. Further, all of the confidential information identified in this response has or had significant economic value to Ignite including at least by ███████████████████████████████████████████████████████████████████████████████████████████. Ignite will supplement with additional information about the economic value of the trade secrets misappropriated in accordance with the scheduling order in this case and expert testimony.

In other words, Plaintiffs have identified the precise information they contend is confidential. Additionally, the documents identified in both the first and second supplemental responses to Interrogatory No. 13 pursuant to Federal Rule of Civil Procedure 33(d) provide the precise facts available to Plaintiffs regarding which employees removed or copied the information at issue and what third parties that information was sent to (i.e. NGDATA). Plaintiffs also state they are not aware of any public disclosure of such information and describe the efforts Plaintiffs made to maintain confidentiality of the information at issue. Finally, Plaintiffs have also produced the Confidentiality Agreements the BryterCX employees executed when working for BryterCX,

which obligated them to keep information confidential (IGNITE-NG_001564 - IGNITE-NG_002182).

Plaintiffs' supplemental responses to Interrogatory No. 13 are sufficient and Defendants' Motion should be denied.

### III.   CONCLUSION

For the above and foregoing reasons, Defendants' Motion to Compel should be denied in its entirety.

|  |  |
|---|---|
| | */s/ Travis S. Hunter* |
| | Travis S. Hunter (#5350) |
| OF COUNSEL: | Katharine L. Mowery (#5629) |
| | Gabriela Z. Monasterio (#7240) |
| Conor M. Civins | RICHARDS, LAYTON & FINGER, P.A. |
| Michael Chibib | 920 N. King Street |
| BRACEWELL LLP | Wilmington, DE 19801 |
| 111 Congress Ave. Suite 2300 | (302) 651-7700 |
| Austin, Texas 78701 | hunter@rlf.com |
| (512) 472-7800 | mowery@rlf.com |
| conor.civins@bracewell.com | monasterio@rlf.com |
| michael.chibib@bracewell.com | |
| | *Attorneys for Plaintiffs Ignite Enterprise Software Solutions, Inc. and IgniteTech CX Solutions, LLC* |
| Dated: November 18, 2024 | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Compel was caused to be served on November 18, 2024, upon the following counsel as follows:

**VIA EMAIL**

Warren K. Mabey, Jr.
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070
mabey@fr.com

Bret T. Winterle
Carl E. Bruce
Michael A. Vincent
Lance E. Wyatt
Philip G. Brown
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070
winterle@fr.com
bruce@fr.com
vincent@fr.com
wyatt@fr.com
pgbrown@fr.com

*/s/ Gabriela Z. Monasterio*
Gabriela Z. Monasterio (#7240)