# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC and IGNITETECH CX SOLUTIONS, LLC<br><br>   Plaintiffs,<br><br>v.<br><br>NGDATA, US INC. and NGDATA N.V.<br><br>   Defendants. | C.A. No. 23-cv-1209-JFM<br><br>**JURY TRIAL DEMANDED**<br><br>**REDACTED PUBLIC VERSION** |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF MATERIALS RESPONSIVE TO DEFENDANTS' FIRST SET OF <u>REQUESTS FOR PRODUCTION</u>

Of Counsel:

Conor M. Civins
Michael Chibib
BRACEWELL LLP
111 Congress Ave. Suite 2300
Austin, Texas 78701
(512) 472-7800
conor.civins@bracewell.com
michael.chibib@bracewell.com

Dated: November 18, 2024

Travis S. Hunter (#5350)
Katharine L. Mowery (#5629)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
mowery@rlf.com
monasterio@rlf.com

*Attorneys for Plaintiffs Ignite Enterprise Software Solutions, LLC and IgniteTech CX Solutions, LLC*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION**................................................................................................1 |
| **II.** | **ARGUMENT**......................................................................................................2 |
| | **A.**     **Category 1**............................................................................................2 |
| | **B.**     **Category 2**............................................................................................2 |
| | **C.**     **Category 3**............................................................................................3 |
| | **D.**     **Category 4**............................................................................................4 |
| **III.** | **CONCLUSION** ..................................................................................................4 |

I. **INTRODUCTION**

As an initial matter, Defendants NGDATA, US INC. and NGDATA N.V.'s (together, "Defendants" or "NGDATA") fail to disclose or otherwise mention that part of the reason *neither party* has yet to produce documents relating to most of the categories of documents referenced in Defendants' Motion to Compel Production of Materials in Response to Defendants' First Set of Requests for Production (D.I. 115-117, the "Motion") is because Defendants have repeatedly refused (and, to date, continue to refuse) to exchange search terms as contemplated and agreed-to in the ESI Order entered on October 9, 2024 (D.I. 99). The disclosure of search terms was agreed-to pursuant to the ESI Order to allow the parties to proceed in a streamlined and transparent process for searching potentially relevant ESI related to the trade secret claims in this case. Plaintiffs have raised this issue numerous times, including in a meet and confer on August 28, 2024, and in emails dated September 9, 2024 (attached hereto as **Exhibit 1**), September 26, 2024 (attached hereto as **Exhibit 2**), and as recently as November 8, 2024 (attached hereto as **Exhibit 3**). Plaintiffs also raised this issue at the last discovery hearing before this Court, which took place on October 9, 2024. During that hearing, Plaintiffs made clear they were waiting on Defendants to disclose search terms so the parties could search for documents relevant to Plaintiffs' trade secret claims (*see* D.I. 102, Oct. 9, 2024, Transcript at pp. 28-29 attached hereto as **Exhibit 4**). Plaintiffs remain ready and willing to exchange search terms at any time as Defendants agreed. Defendants need only respond and engage in the exchange.

Putting Defendants' refusal to exchange search terms aside, Defendants purport to seek to compel responses to fifteen different requests for production (13, 17, 21, 23, 27, 28, 29, 30, 31, 32, 39, 44, 46, 47, and 48). However, Defendants' Motion fails to address the separate requests with any specificity or argument and instead generally argues four vague and overly broad categories of document requests should be produced. Defendants' Motion is insufficient and should be denied.

## II.     ARGUMENT

Defendants seek to compel responses to fifteen different requests for production (13, 17, 21, 23, 27, 28, 29, 30, 31, 32, 39, 44, 46, 47, and 48), but fail to address them with any specificity and instead argue that four vague categories of documents should be produced within seven days.

**A.     Category 1: Responsive documents relating to any alleged economic value of Defendants' purported "trade secrets." These materials which will help Defendants investigate any theories of purported value that Ignite eventually reveals, including by conducting third-party discovery as necessary (RFP No. 44).**

As an initial matter, Defendants have failed to exchange search terms as agreed and reflected in the ESI Order. This has stalled discovery efforts and prevented Plaintiffs from engaging, at least in part, in the search for responsive documents. Otherwise, Plaintiffs have produced documents responsive to this request. Additional documents may be produced in connection with the service of expert reports relating to damages in this case. Moreover, additional documents associated with the economic value of the trade secrets in this case are in the possession, custody, or control of Defendants, including documents reflecting the profit and revenue associated with the Lily System, which Defendants have failed to produce in this case.

**B.     Category 2: Responsive documents relating to Defendants' alleged pre-suit knowledge of the asserted patents or any marking of products by Ignite or its predecessors (e.g., in their marketing materials), including failures to mark the products Defendants identified pursuant to Arctic Cat I, shifting the burden to Ignite to prove either patent marking or non-infringement of such products. These materials that will help Defendants determine whether there is any reason they should delay seeking summary judgment that one of the four asserted patents that expired before this lawsuit, and for which Ignite and its predecessors failed to mark, must be dismissed as expired and unenforceable against Defendants due to the patent marking defense (e.g., to avoid further wasted efforts construing or otherwise litigating expired claims for which no recover can be made) (RFP Nos. 13, 21, 27, 29, 31 and 32).**

Ironically, documents relating to Defendants' alleged pre-suit knowledge of the asserted patents are in the ***possession, custody, or control of Defendants***, which Defendants have failed to

produce. As Plaintiffs have alleged (and Defendants have conceded), Defendants performed due diligence relating to the purchase of BryterCX's assets in early 2022, when BryterCX was on the verge of bankruptcy. (*See* D.I. 114 at 3 and 5). After performing its due diligence, NGDATA elected not to proceed with acquiring BryerCX. *Id.* However, that due diligence process is precisely when NGDATA would have learned about BryterCX's intellectual property, including the asserted patents, as well as about the BryterCX employees NGDATA improperly solicited and the trade secrets NGDATA misappropriated. These documents are in the possession, custody, or control of Defendants and should be produced immediately.[1]

With respect to Defendants' *Arctic Cat* letter, Plaintiffs are preparing a response.

**C.    Category 3: Responsive documents showing which employees were responsible for what within Ignite and its predecessors at various points of time, whether Ignite or its predecessors actually had any business, contracts and employees to lose; whether they actually lost such business, contract, or employees; how much business, contracts or employees they allegedly lost; when those things happened; why those things happened; how Ignite, its predecessors, and customers, responded; and whether any of those things were, as falsely alleged by Ignite, a result of Defendants' alleged misappropriation of the purported "trade secrets" Ignite acquired from BryterCX, or the result of alleged interference with Ignite's contracts or employees (RFP Nos. 23, 27, 28, 30, 39, 46, 47, 48).**

Again, to streamline discovery and create a transparent document search and collection process, the parties have agreed to exchange search terms, which is reflected in the ESI Order. To date, Defendants have failed to exchange or otherwise disclose any search terms whatsoever, despite numerous requests from Plaintiffs. (*See* **Exhibits 1-4**). This has prevented Plaintiffs from completing the collection of many documents responsive to this category. Plaintiffs have had their search terms ready to exchange for months. Nevertheless, Plaintiffs have produced many

---

[1] Defendants' Motion fails to address the specific requests with any specificity. However, Request No. 13 is overly broad and vague, Request No. 27 is overly broad, unduly burdensome and seeks irrelevant information, and Request Nos. 29, 31, and 32 are each overly broad and/or seek information not in Ignite's possession, custody, or control.

documents that are responsive to this request based on a manual collection. It is Defendants, paradoxically, who have failed to search for or produce a single document relating to the trade secret claims in this case.

With respect to the specific document requests Defendants reference in this category, each of them is objectionable, has already been responded to, or is in the process of being responded to. Request No. 23 seeks "all documents … related to Plaintiffs requested damages[.]" This request is overly broad and premature. Nevertheless, Plaintiffs have produced and will produce documents responsive to this request. Request Nos. 27, 28, and 30 are overly broad and seek irrelevant information. Nevertheless, Plaintiffs have produced information relating to the revenue of the BryterCX product and the acquisition of BryterCX by Ignite. Request No. 39 is overly broad and vague. Nevertheless, Plaintiffs have produced documents responsive to this request. Request Nos. 46, 47, and 48 are each overly broad and seek documents that are either protected by the attorney-client privilege or are in the possession, custody, or control of Defendants. Nevertheless, Plaintiffs have produced documents responsive to these requests to the extent they exist and will search for additional documents when search terms are exchanged.

### D. Category 4: Responsive documents evidencing any secondary indicia of non-obviousness in response to the obviousness contentions provided by Defendants on September 27th (RFP No. 17).

Plaintiffs have produced or will produce documents responsive to this request to the extent they exist and are in Plaintiffs' possession, custody, or control.

### III. CONCLUSION

For the above and foregoing reasons, Defendants' Motion to Compel should be denied.

-5-

OF COUNSEL:

Conor M. Civins
Michael Chibib
BRACEWELL LLP
111 Congress Ave. Suite 2300
Austin, Texas 78701
(512) 472-7800
conor.civins@bracewell.com
michael.chibib@bracewell.com


Dated: November 18, 2024

/s/ Travis S. Hunter
Travis S. Hunter (#5350)
Katharine L. Mowery (#5629)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
mowery@rlf.com
monasterio@rlf.com

*Attorneys for Plaintiffs Ignite Enterprise Software Solutions, Inc. and IgniteTech CX Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Compel was caused to be served on November 18, 2024, upon the following counsel as follows:

**VIA EMAIL**

Warren K. Mabey, Jr.
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070
mabey@fr.com

Bret T. Winterle
Carl E. Bruce
Michael A. Vincent
Lance E. Wyatt
Philip G. Brown
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070
winterle@fr.com
bruce@fr.com
vincent@fr.com
wyatt@fr.com
pgbrown@fr.com

*/s/ Gabriela Z. Monasterio*
Gabriela Z. Monasterio (#7240)