[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC and IGNITETECH CX SOLUTIONS, LLC

Plaintiffs,

v.

NGDATA, US, INC. and NGDATA N.V.,

Defendants.

C.A. No. 23-cv-01209-JFM

**JURY TRIAL DEMANDED**

[redacted]

**DEFENDANTS' MOTION FOR REARGUMENT REGARDING THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (D.I. 148), OR ALTERNATIVELY, DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

## I. INTRODUCTION

Under Delaware's Local Rules, parties can seek, and courts can grant, motions for reargument when considering new evidence or whenever necessary to prevent manifest injustice. Here, Defendants seek reconsideration of the portion of the Court's Order requiring Defendants to produce documents identifying and agreements with ***current*** U.S. customers, thereby requiring disclosure of [REDACTED] ***current*** U.S. customers' identities. (*See* D.I. 148 (Dec. 17, 2024).) NGDATA US is notifying its ***former*** customers of impending production of their agreements (per contractual notice obligations). [REDACTED].

Concerningly, the level of relevance and importance, if any, of these materials, agreements and the customers' identities is low, [REDACTED] Nor have Plaintiffs provided any explanation of what, if any, information known only to current U.S. customers would purportedly support any claims of indirect infringement, tortious interference, or "trade secret" misappropriation.

The Court should grant this motion and find the requested production of documents identifying and agreements with ***current*** U.S. customers (and therefore, the customers' identities) disproportional to this case's present needs and unnecessarily prejudicial to Defendants, given:

1. the Court has not considered evidence showing the low level of relevance of [REDACTED] current customers' identities and their agreements with NGDATA US at this stage;
2. [REDACTED]

3. the only way to prevent the manifest injustice [REDACTED] is to grant reargument or a protective order.

Alternatively, [REDACTED] Thus, "good cause" warranting a Protective Order under FED. R. CIV. P. 26(c) exists.

## II. LEGAL STANDARD

**A. Reargument.** It is within the Court's discretion to grant a motion under L.R. 7.1.5. "Like the district courts within it, the Third Circuit has identified three scenarios that, if shown, might permit a district court to grant a motion for reargument: '. . . (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Sonion Nederland BV v. Asius Techs. LLC*, No. CIV. 11-67 RBK/KMW, 2011 WL 6415497, at *1 (D. Del. Dec. 21, 2011) (discussing L.R. 7.1.5 and quoting *Johnson v. Diamond State Port Corp.,* 50 Fed. Appx. 554 (3d Cir. 2002)).

**B. Protective Order.** Federal Rule of Civil Procedure 26(c) states that the "court may, for good cause, issue an order to protect a party." The Third Circuit has held that "good cause" is demonstrated, and thus a protective order is warranted, "when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (citation omitted).

## III. FACTUAL BACKGROUND

Two days before Thanksgiving, Plaintiffs filed a four-page omnibus motion to compel regarding eighteen disparate RFPs, (D.I. 135), providing little detail or explanation of the relevance of the varied materials sought. This Court granted that motion, requiring Defendants to produce, *inter alia*, "documents identifying customers and agreements with customers." (D.I. 148.) Defendants seek reargument or a protective order against having to produce agreements or other

[redacted]

documents identifying any of NGDATA US's [redacted] ***current*** U.S. customers, for Defendants believe [redacted] bearing little, if any, on this case's merits.

[redacted]

[redacted]

[redacted]

[redacted]

Finally, Plaintiffs suggested for the first time in their Reply Brief, without any explanation, that these agreements may be "relevant to indirect infringement and damages." (D.I. 147 at 2.) Regardless, as the evidence makes clear, [redacted]



[redacted]

To the extent the Court has any questions about Mr. Gross' declaration or wishes more specifics [redacted], Mr. Gross is willing to take the stand or appear in a virtual hearing with the Court to further testify regarding any of these issues. *Id.*, ¶ 34.

## IV. ARGUMENT

### A. Because the potential for irreparable prejudice to Defendants is high and the likely relevance is low or unknown, the discovery sought is disproportional.

#### *1. The burden of disclosure is high.*

As another court in the Third Circuit has found, the risks associated with disclosing ***current*** customers' identities is high enough to deem such disclosures disproportional under Rule 26(b)(1). *Schick v. Cintas Corp.*, No. CV 17-7441 (JMV), 2020 WL 1873004 (D.N.J. Apr. 15, 2020). There, the plaintiff sought discovery about chemicals on shop towels cleaned by Cintas [redacted] a large, established, S&P 500 company with a "lengthy" list of smaller, replaceable print shop customers), as the chemicals in question were central to his claims. *Id.* at 1–2; *see also* https://en.wikipedia.org/wiki/Cintas. Because Cintas admitted that only its customers knew which chemicals were used, *id.* at 1, the plaintiff sought a list of all Cintas' past and current customers, *id.* In response, Cintas sought a protective order, citing, without detail, potential business harm from having to disclose its current customers, including "by exposing its clients to

[redacted]

subpoenas." *Id.* Even though the court found disclosure of Cintas' full past and current customer lists was relevant, and those customers could provide information unknown to Cintas, *id.* at 2, the *Schick* court also found that disclosing the ***current*** customers for whom there was some risk of damage to the business relationship was not proportional to the plaintiff's case, *id.* Thus, the court shielded the identities of Cintas' ***current*** customers, requiring disclosure only of a subset of Cintas' past customers during the relevant time period. *Id.*[1]

Though the context of the *Schick* case [redacted], the court still saw fit to take steps to protect from discovery its relationships with every single one of its "lengthy" list of current customers by keeping their identities hidden from that plaintiff, instead fashioning "a remedy that allows for the production of some discovery, at least as a first step." *Id.*

[redacted]

---

[1] The *Schick* court directed Cintas to "identify its ten largest (by volume) customers ***that they no longer have a current business relationship with***," explaining that "[p]roceeding in this way will provide Plaintiff with substantial information regarding the [unknown chemicals], and at the same time, ***protect [Cintas'] ongoing business relationships***." *Id.*, at *2 (emphases added). It also clarified that "[u]pon production of this information, the Court will assess whether any additional discovery on this subject is warranted." *Id.*





***2. Any relevance is not proportional given the prejudice of disclosure.***

In evaluating proportionality, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Here, several considerations favor a finding of disproportionality:

- The failure of Plaintiffs to even suggest any specific theories of indirect infringement as to



[redacted]

any specific asserted claim in any concrete way suggests the issue is relatively unimportant.

- [redacted]
- [redacted]
- [redacted]
- Finally, the burden imposed by the risk of disclosure greatly outweighs any marginal benefit that Plaintiffs may obtain by learning about (and being able to contact or subpoena) current customers for information obtainable from Defendants. Indeed, [redacted] the Court should at the very least require "Plaintiffs [to] first seek the relevant discovery from the parties to this matter before involving third-part[ies]."[2]

Consistent with the pragmatic solution fashioned by the *Schick* court, here Defendants are not challenging the Court's Order requiring disclosure of agreements with ***former*** customers. The logic applied by the *Schick* court applies more forcefully here and suggests a solution that (at least initially) provides a limited grant of discovery regarding only ***former*** customers.

**B. The standards for reargument under L.R. 7.1.5(a) are satisfied.**

[redacted]

First, Plaintiffs' briefing did not reveal why the specific Requests at issue were relevant, causing Defendants to have to guess, rendering Defendants unable to equip the Court to resolve this important issue when buried among several others—this effectively resulted in this Brief's

---

[2] *Chaleplis v. Karloutsos*, 609 F. Supp. 3d 341, 353 (E.D. Pa. 2022); *cf. also Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. CV 3:15-290, 2017 WL 4310221, at *9 (M.D. Pa. Sept. 28, 2017) (granting a motion to quash where "Lakeview has failed to demonstrate why the documents must be obtained from third parties as opposed to Catamaran directly.").

facts being previously unavailable. And even if the evidence presented herein is deemed to not have been *literally* unavailable, it was *constructively* unavailable given the Opening Brief's failure to discuss why this information was relevant or necessary and the timing that motion to line up with both a national holiday and this case's claim construction proceedings.

**C. There is good cause for a limited protective order.**

**V. CONCLUSION**

For these reasons, Defendants ask the Court to grant their alternative motions in the manner preferred by the Court to protect the identities and agreements with ***current*** customers.

[redacted]

Dated: December 31, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070 (Telephone)
mabey@fr.com

Bret T. Winterle
Carl E. Bruce
Michael A. Vincent
Brandon S. Avers
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
winterle@fr.com
bruce@fr.com
vincent@fr.com
avers@fr.com

***ATTORNEYS FOR DEFENDANTS NGDATA US, INC. AND NGDATA N.V.***